1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

11
12
13
14
15
16
17

| | |
|---|---|
| ANGELA H., [1]<br><br>                          Plaintiff,<br><br>v.<br><br>MARTIN O'MALLEY, Commissioner of<br>Social Security,<br><br>                          Defendant. | Case No.:  24-cv-2223-MMP<br><br>**ORDER REQUIRING ADDITIONAL<br>INFORMATION RE MOTION TO<br>PROCEED IN FORMA PAUPERIS**<br><br>[ECF No. 3] |

18
19
20
21
22
23
24
25

On November 27, 2024, Angela H. ("Plaintiff") filed this action seeking judicial review of the denial of her application for Disability Insurance Benefits and Supplemental Security Income under Titles II and XVI of the Social Security Act. [ECF No. 1.] Plaintiff also filed a motion for leave to proceed in forma pauperis ("IFP"), in which she represents her only income over the past twelve months has been $600.00 in public assistance and she has no expenses because she currently lives with her adult children who provide her room and board. [ECF No. 3 ¶¶ 1, 11.] Based on her sworn statement, Plaintiff also indicates she

26
27
28

---

[1] In accordance with Civil Local Rule 7.1(e)(6)(b), the Court refers to all non-government parties by using their first name and last initial.

expects no public assistance next month and does not expect any major changes to her month income or expenses during the next twelve months. [*Id.* ¶¶ 1, 11.]

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $405.[2] *See* 28 U.S.C. § 1914(a). An action may proceed despite the plaintiff's failure to prepay the filing fee only if the plaintiff is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).

The determination of indigency falls within the district court's discretion. *California Men's Colony v. Rowland*, 939 F.2d 854, 858 (9th Cir. 1991), reversed on other grounds by, 506 U.S. 194 (1993) ("Section 1915 typically requires the reviewing court to exercise its sound discretion in determining whether the affiant has satisfied the statute's requirement of indigency."). A party need not be completely destitute to proceed IFP. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339–40 (1948). To satisfy the requirements of 28 U.S.C. § 1915(a), "an affidavit [of poverty] is sufficient which states that one cannot because of his poverty pay or give security for costs . . . and still be able to provide himself and dependents with the necessities of life." *Id.* at 339 (internal quotation marks omitted). At the same time, "the same even-handed care must be employed to assure that federal funds are not squandered to underwrite, at public expense, either frivolous claims or the remonstrances of a suitor who is financially able, in whole or in material part, to pull his own oar." *Temple v. Ellerthorpe*, 586 F. Supp. 848, 850 (D.R.I. 1984). The facts as to the affiant's poverty must be stated "with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981).

---

[2] In addition to the $350.00 statutory fee, civil litigants must pay an additional administrative fee of $55.00. *See* 28 U.S.C. § 1914(b) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2023)). The additional $55.00 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

Upon initial review of the pending IFP motion, the Court requires additional information to determine whether Plaintiff satisfies the legal standard to proceed IFP. Accordingly, no later than **December 20, 2024**, Plaintiff must file an amended IFP motion indicating the following: (1) what type of public assistance she has been receiving over the last twelve months, (2) whether the public assistance is in fact scheduled to end this month, and (3) whether Plaintiff has any expenses in connection with her current living arrangement.

**IT IS SO ORDERED**.

Dated:  December 10, 2024

HON. MICHELLE M. PETTIT
United States Magistrate Judge