UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGELA H.,[1] <br><br>　　　　　　　　　Plaintiff, <br><br> v. <br><br> CAROLYN W. COLVIN, Acting Commissioner of Social Security,[2] <br><br>　　　　　　　　　Defendant. | Case No.: 24-cv-2223-WQH-MMP <br><br> **REPORT AND RECOMMENDATION RE PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS** <br><br> [ECF No. 3] |

　　　This Report and Recommendation is submitted to the United States District Judge William Q. Hayes pursuant to 28 U.S.C. § 636(b) and Civil Local Rule 72.1(c) of the United States District Court for the Southern District of California. *See Tripati v. Rison*, 847 F.2d 548, 548 (9th Cir. 1988). On November 27, 2024, Angela H. ("Plaintiff") filed this action seeking judicial review of the denial of her application for Disability Insurance

---

[1] In accordance with Civil Local Rule 7.1(e)(6)(b), the Court refers to all non-government parties by using their first name and last initial.

[2] On November 30, 2024, Carolyn W. Colvin became the Acting Commissioner of Social Security and is automatically substituted as the defendant pursuant to Federal Rule of Civil Procedure 25(d).

Benefits and Supplemental Security Income under Titles II and XVI of the Social Security Act. [ECF No. 1.] Plaintiff also filed a motion for leave to proceed in forma pauperis ("IFP"). [ECF No. 3.] For the reasons set forth below, the Court **RECOMMENDS** the motion for IFP be **DENIED without prejudice**.

I.     LEGAL STANDARD

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $405.[3] *See* 28 U.S.C. § 1914(a). An action may proceed despite the plaintiff's failure to prepay the filing fee only if the plaintiff is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).

The determination of indigency falls within the district court's discretion. *California Men's Colony v. Rowland*, 939 F.2d 854, 858 (9th Cir. 1991), reversed on other grounds by, 506 U.S. 194 (1993) ("Section 1915 typically requires the reviewing court to exercise its sound discretion in determining whether the affiant has satisfied the statute's requirement of indigency."). A party need not be completely destitute to proceed IFP. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339–40 (1948). To satisfy the requirements of 28 U.S.C. § 1915(a), "an affidavit [of poverty] is sufficient which states that one cannot because of his poverty pay or give security for costs . . . and still be able to provide himself and dependents with the necessities of life." *Id*. at 339 (internal quotation marks omitted). At the same time, "the same even-handed care must be employed to assure that federal funds are not squandered to underwrite, at public expense, either frivolous claims or the remonstrances of a suitor who is financially able, in whole or in material part, to pull his own oar." *Temple v. Ellerthorpe*, 586 F. Supp. 848, 850 (D.R.I. 1984). The facts

---

[3] In addition to the $350.00 statutory fee, civil litigants must pay an additional administrative fee of $55.00. *See* 28 U.S.C. § 1914(b) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2023)). The additional $55.00 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

as to the affiant's poverty must be stated "with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981).

## II. ANALYSIS

Plaintiff has not satisfied her burden of demonstrating she is entitled to IFP status. According to her sworn statement, Plaintiff has no dependents, is not employed, and her only income for the past year has been $600.00 per month in public assistance. [ECF No. 3 ¶¶ 1, 2, 7.] She identifies no expenses, explaining she currently lives with her adult children who provide her room and board. [*Id.* ¶¶ 8, 11.] Though her income has exceeded her expenses for the last year and she claims no expenses, Plaintiff attests she has no cash or other assets. [*Id.* ¶¶ 4, 5.] Plaintiff's sworn statement does not address or explain what happens to her $600 per month in public assistance benefits if she truly has no expenses.

Plaintiff also indicates she expects no public assistance next month, though she separately attests she does not expect any major changes to her month income or expenses during the next twelve months. [*Id.* ¶¶ 1, 9.] The Court finds Plaintiff's representations are inconsistent—in particular, it is unclear whether Plaintiff will continue to receive public assistance next year, or if it will stop this month, as suggested in Plaintiff's sworn statement. In light of these apparent inconsistencies, the undersigned issued an order requiring additional information, including what type of public assistance Plaintiff has been receiving over the last twelve months, whether the public assistance is in fact scheduled to end this month, and whether Plaintiff has any expenses in connection with her current living arrangement. [ECF No. 6.] The Court ordered Plaintiff to provide this information no later than December 20, 2024 [*Id.* at 3.] To date, Plaintiff has not provided this information.

Based on the information currently before the Court, the Court finds Plaintiff has not met her burden of demonstrating "with some particularity, definiteness and certainty" she is entitled to IFP status. *See McQuade*, 647 F.2d at 940. Thus, the Court **RECOMMENDS** Plaintiff's motion be **DENIED without prejudice.**

### III. CONCLUSION AND RECOMMENDATION

For the foregoing reasons, **IT IS HEREBY RECOMMENDED** the District Judge issue an Order:

1. **APPROVING AND ADOPTING** this Report and Recommendation;

2. **DENYING without prejudice** Plaintiff's Motion for Leave to Proceed In Forma Pauperis, [ECF No. 3];

3. **ORDERING** no later than twenty-one (21) days following an order ruling on this recommendation, Plaintiff must either (1) pay the requisite filing fee or (2) file a renewed motion to proceed in forma pauperis providing full and accurate information, including her expenses.

Within fourteen (14) days from the date of service of these filings and recommendations, any party may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen (14) days after the objections are filed. The parties are advised failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

**IT IS SO ORDERED**.

Dated: December 30, 2024

HON. MICHELLE M. PETTIT
United States Magistrate Judge